# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| KATHRYNE L.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br> Defendant. | No. 24-CV-4011-LTS-KEM <br><br> **REPORT AND RECOMMENDATION** |

_____

Plaintiff Kathryne L. seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance (DI) benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383(f). Plaintiff argues that the administrative law judge (ALJ) erred in failing to adopt a limitation to one-and-two-step tasks (reasoning level 1 work), as found by a state agency consultant, whose opinion the ALJ found persuasive. I recommend **reversing** the ALJ's decision and remanding for further proceedings.

## I.   BACKGROUND

Plaintiff filed the current application for SSI and DI[2] benefits on October 22, 2022,

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Plaintiff filed only an application for SSI benefits, but the ALJ recognized that an SSI application must also be construed as a DI application for an insured individual, and the ALJ evaluated both claims. AR 11.

alleging disability based on borderline personality disorder, PTSD,[3] depression, anxiety, possible ADHD,[4] severe migraines, and other physical impairments. AR 103.[5] The Social Security Administration denied Plaintiff's request for benefits on initial review in May 2021 and on reconsideration in September 2021. AR 102-24. In connection with the initial review, state agency psychological consultant Russell Lark, PhD, reviewed the evidence of record and completed a form indicating Plaintiff was moderately limited in (1) the ability to understand, remember, and carry out detailed instructions, (2) the "ability to maintain attention and concentration for extended periods," (3) the "ability to work in coordination with or in proximity to others without being distracted by them," (4) the "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," (5) the "ability to interact appropriately with the general public," and (6) the "ability to respond appropriately to changes in the work setting." AR 109-10. Dr. Lark found Plaintiff was not significantly limited in other areas of mental functioning, including the ability to understand, remember, and carry out "very short and simple instructions." *Id.* Dr. Lark explained in narrative:

> The claimant will have some problems handling stress/changes in routine. . . . While she may have some difficulty working with the public, she possesses the ability to get along with supervisors and co-workers. Her memory, attention, concentration, and pace may vary but are adequate for moderately complex tasks. The preponderance of evidence in file indicates that the claimant is able to complete 3-4 step tasks on a sustained basis. She will work best in a low stress environment with reduced public contact.

AR 110-11. On reconsideration, state agency consultant Jennifer Wigton, PhD, completed the checkbox form in the same way as Dr. Lark. AR 119-20. In the narrative section, she noted new treatment notes in the record suggested Plaintiff "struggles to

---

[3] Post-traumatic stress disorder.

[4] Attention-deficit/hyperactivity disorder.

[5] "AR" refers to the administrative record below (Docs. 9-2 to 9-14).
2

manage stress and has 'big emotions[,]' with her [mental status evaluations] often reflecting flight of ideas." AR 121. Dr. Wigton therefore concluded Plaintiff "would likely struggle to consistently follow 3-4 step commands," but "she is capable of following 1-2 step commands on a consistent basis." *Id.*

Plaintiff requested further review, and an ALJ held a hearing in October 2022, at which Plaintiff and a vocational expert (VE) testified. AR 34-35. The ALJ issued a written opinion on January 16, 2023, following the five-step process outlined in the regulations[6] to determine whether Plaintiff was disabled during the relevant time period. AR 10-23. The ALJ found Plaintiff suffered from the severe impairments of obesity, migraine headaches, major depressive disorder, generalized anxiety disorder, PTSD, borderline personality disorder, ADHD, and marijuana abuse. AR 13. To aid in steps four and five, the ALJ determined Plaintiff's residual functional capacity (RFC),[7] finding Plaintiff could work with the following mental limitations (in addition to physical and environmental limitations):

> [Plaintiff] can understand, remember, and carry out simple instructions. She can tolerate occasional interaction with supervisors, coworkers, and the public. She can tolerate occasional changes in the work setting. She cannot perform fast-paced work such as assembly line work or work requiring hourly quota.

AR 17. In making this determination, the ALJ found Dr. Lark's and Dr. Wigton's opinions "generally persuasive with more persuasiveness overall going to Dr. Wigton's

---

[6] "During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security . . . listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work." *Grindley v. Kijakazi*, 9 F.4th 622, 628 (8th Cir. 2021) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)); *see also* **20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)**. The claimant bears the burden of persuasion to prove disability. *Goff*, 421 F.3d at 790.

[7] RFC means "the most that a claimant can do despite her limitations." *Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019).

3

Case 5:24-cv-04011-LTS-KEM    Document 16    Filed 11/18/24    Page 3 of 9

assessment at reconsideration as she had a more complete record at the time." AR 20. The ALJ went on to state:

> Both consultants supported their limitations with references to the medical and other evidence of record with explanations of how that evidence supports their assessment. Dr. Wigton's ultimate limitations were most consistent with the record and adequately account for the claimant's depression/anxiety, emotional issues, irritability, flight of ideas, and memory/concentration issues and limiting her interaction with the public. The undersigned included additional social and pacing limitations to account for the claimant's reported problems.

AR 20. The ALJ concluded that Plaintiff could not perform her past work but could work as a laundry worker, dishwasher, or laboratory-equipment cleaner. AR 22. Thus, the ALJ found Plaintiff not disabled from January 26, 2019 (the amended onset date), through January 16, 2023 (the date of the decision). AR 22-23.

The Appeals Council denied Plaintiff's request for review on October 31, 2023 (AR 1-3), making the ALJ's decision that Plaintiff was not disabled the final decision of the Commissioner.[8] Upon Plaintiff's request, the Appeals Council extended the time to seek review in federal court (AR 29), and Plaintiff filed a timely complaint in this court (Docs. 1, 6).[9] The parties briefed the issues (Docs. 11, 13, 14) and the Honorable Leonard T. Strand, District Judge for the Northern District of Iowa, referred this case to me for a report and recommendation.

## II. DISCUSSION

So long as substantial evidence in the record as a whole supports the ALJ's decision, a reviewing court must affirm.[10] "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support

---

[8] *See* **20 C.F.R. §§ 404.981, 416.1481**.

[9] *See* **20 C.F.R. § 422.210(c)**.

[10] *Grindley*, 9 F.4th at 627; *accord* **42 U.S.C. § 405(g)**.

a decision."[11] The court "do[es] not reweigh the evidence or review the factual record de novo."[12] If, after reviewing the evidence, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, [the court] must affirm the decision."[13]

Plaintiff argues that the ALJ erred by failing to adopt an RFC limitation found by Dr. Wigton without explanation. When determining RFC, the ALJ "evaluate[s] the persuasiveness of medical opinions" considering the following factors: (1) supportability, i.e., "the objective medical evidence and supporting explanations presented by a medical source" in support of his or her opinion; (2) consistency with "evidence from other medical sources and nonmedical sources"; (3) the relationship between the opinion's author and the claimant, such as whether the opinion is from a treating source; (4) whether the medical opinion is by a specialist; and (5) "other factors that tend to support or contradict a medical opinion," such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Social Security Administration's] policies and evidentiary requirements."[14] The ALJ is required to "articulate how [the ALJ] considered the medical opinions" and "explain how [the ALJ] considered the supportability and consistency factors," the two most important factors.[15]

Here, the ALJ noted both state agency consultants supported their opinions with medical evidence in the record, but Dr. Wigton had the benefit of Plaintiff's most recent treatment records. AR 20. The ALJ found Dr. Wigton's opinion consistent with the record and "generally persuasive" and "more persuasive" than Dr. Lark's opinion. *Id.*

---

[11] *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

[12] *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994).

[13] *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

[14] **20 C.F.R. §§ 404.1520c(a), (c), 416.920c(a), (c)**.

[15] **20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2)**.

The ALJ did not acknowledge that Dr. Wigton limited claimant to work involving "1-2 step commands" and did not explain why the ALJ did not include this limitation in the RFC. AR 17, 121. Neither did the ALJ mention in his summary of the treatment records the information relied upon by Dr. Wigton (that Plaintiff struggles to manage stress, that she has big emotions, and that objective examinations often reflect flight of ideas). *See* AR 18-20.

The ALJ's RFC limiting claimant to work involving simple instructions with only occasional changes and no fast-paced work does not account for Dr. Wigton's limitation to work with only "1-2 step commands." Dr. Wigton's limitation correlates to jobs involving a reasoning level of one in the Dictionary of Occupational Titles (DOT).[16] Here, the ALJ ultimately identified jobs the Plaintiff could perform with reasoning levels of two and three.[17] The ALJ's RFC and Dr. Wigton's opinion cannot be "harmonized" as argued by the Commissioner.[18]

I have previously held the purpose of the regulations (requiring the ALJ to explain persuasiveness) "would be undermined if the ALJ could state a medical opinion was persuasive, well-supported, and consistent with the record, without adopting the limitations contained in that opinion or otherwise addressing them."[19] Most district courts

---

[16] *See* **DOT, App. C**. Reasoning level one jobs require the ability "to carry out simple one- or two-step instructions." *Id.* Reasoning level two jobs require the ability "to carry out detailed but uninvolved written or oral instructions," *id.*, which the Eighth Circuit has interpreted as consistent with simple, routine, repetitive work, *see Galloway v. Kijakazi*, 46 F.4th 686, 690 & n.2 (8th Cir. 2022).

[17] *See* **DOT §§ 318.687- 010, 361.684-014, 381.687-010**.

[18] *See Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 559 (8th Cir. 2018) (holding that a "limitation to one- to two-step instructions connotes that [claimant] cannot perform jobs . . . under Level 2 Reasoning"); *see also Galloway*, 46 F.4th at 690 & n.2 (case cited by the Commissioner holding that an RFC to simple, routine, repetitive work does not conflict with level 2 reasoning; does not discuss a one- to two-step task limitation).

[19] *Dowden v. Saul*, No. 19-CV-2054-KEM, 2020 WL 6470180, at *7 (N.D. Iowa Nov. 3, 2020).

in this circuit agree.[20] This is a logical extension of the Eighth Circuit's decision in *Gann v. Berryhill*, in which the court held the ALJ erred by assigning "significant weight" to medical opinions, but then failing to include in the RFC "adaptation restrictions" recommended by those medical opinions.[21] *Gann* involved the old regulations for evaluating medical opinions,[22] but the change from evaluating opinions by assigning weight to determining persuasiveness does not affect *Gann*'s reasoning. Under both the old and new regulations, the ALJ must adequately explain the failure to follow a medical opinion. By identifying an opinion as consistent with the evidence (and "persuasive" or

---

[20] *See Carey v. O'Malley*, No. 4:23-CV-00860-NCC, 2024 WL 4238691, at *5 (E.D. Mo. Sept. 19, 2024) (collecting cases and noting "courts have frequently found remand required where an ALJ finds a medical opinion persuasive, yet declines to include some of the limitations found in that opinion in that RFC and does not explain why" (quoting **Bedore v. Kijakazi**, No. 4:22-CV-567-SPM, 2023 WL 6064854, at *4-5 (E.D. Mo. Sept. 18, 2023))); **Mark S. E. v. Kijakazi**, No. 20-CV-1954 (JFD), 2022 WL 834513, at *2, *5 (D. Minn. Mar. 21, 2022) (remanding for ALJ—whose RFC limited claimant to "simple, routine" tasks—to "either [add] the one-to-two step task limitation in the RFC" contained in the persuasive medical opinions "or explain why she did not do so"); **Batson v. Kijakazi**, No. 20-03251-CV-S-WBG, 2022 WL 501405, at *4 (W.D. Mo. Feb. 18, 2022) ("When an ALJ finds a medical opinion is persuasive, supported by objective evidence, and consistent with the record, any limitations in the medical opinion should be included in the ALJ's RFC."); *but see* **Danny V. v. Kijakazi**, No. 20-CV-2014 (LIB), 2022 WL 1715190, at *12-13 (D. Minn. Mar. 31, 2022) (distinguishing *Gann* because the ALJ in that case assigned the opinions "significant weight," which the court found akin to assigning the opinions "controlling weight"; the court held "generally persuasive" did not hold "equivalent heightened evidentiary weight" requiring every limitation in the opinion be adopted); **Fenner v. Saul**, No. 20-CV-2026-LRR, 2021 WL 2021133, at *19-20 (N.D. Iowa May 5, 2021) (rejecting claimant's argument that ALJ erred by limiting RFC to unskilled work, but not including a limitation to one-to-two-step tasks included in medical opinions the ALJ found persuasive, supported, and consistent with the record; the court held that "Claimant does not explain what 'a *Gann* error' is" and that the ALJ did not state the opinions were "'entirely persuasive' or something similar that indicated he intended to adopt every part of the opinions or assign them a persuasive rating akin to the old controlling weight rating"), *report and recommendation adopted,* 2021 WL 2021439 (May 20, 2021) (reviewing for clear error).

[21] 864 F.3d 947, 952-53 (8th Cir. 2017).

[22] *See, e.g.,* **20 C.F.R. § 404.1527** (requiring the ALJ to assign weight to medical opinions, ranging from controlling weight to little or no weight; and to provide "good reasons" for weight to treating sources and to "explain the weight" given to other sources "or otherwise ensure that the discussion of the evidence" allows a reviewing court to follow the ALJ's reasoning).

7

entitled to "significant weight"), but then formulating a less restrictive RFC than that opinion, the ALJ fails to explain his or her reasoning for failing to adopt some of the limitations contained in the medical opinion, as required by both the old and new regulations.

The Commissioner cites unpublished cases in which the Eighth Circuit has held the ALJ need not adopt verbatim the limitations in a medical opinion the ALJ finds persuasive. In those cases, the ALJ's RFC opinion accounted for all the limitations in the persuasive medical opinion; the ALJ just translated the medical opinion into something more concrete for the VE.[23] Here, as discussed, the ALJ's RFC opinion does not account for Dr. Wigton's limitation to one- to two-step tasks.

The Commissioner is correct that an ALJ need not rely on a single medical opinion or incorporate every limitation from a medical opinion into the ALJ's RFC. That is not what the court is requiring. Rather, "once a medical opinion is found to be persuasive,

---

[23] *Lane v. O'Malley*, No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024) (per curiam) (when ALJ's RFC limited claimant to no interaction with the public and occasional interaction with coworkers but no tandem or teamwork, the court rejected claimant's "manufactured inconsistency" with persuasive medical opinion that claimant could "relate to others superficially, work in small groups, and maintain at least minimal relationships with others"; claimant argued ALJ's RFC limitation to occasional interaction limited "quantity" but not "quality" of interaction, but court noted the ALJ "addressed the quality of [claimant's] workplace interactions: no team, tandem, or public-facing work"); *Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) (per curiam) (stating that the "ALJ was not required to adopt the exact limitations set forth in the opinions she found persuasive," and citing a Fifth Circuit case in which the "ALJ did not adopt opinion verbatim which limited claimant to minimal interaction with others," but "incorporated opinion by limiting claimant to occasional public contact"), *aff'g* No. 22-2612 (PAM/TNL), 2023 WL 2540566, at *2 (D. Minn. Mar. 16, 2023) (ALJ's RFC limited claimant to only occasional "incidental" public interaction and no teamwork or tandem work, and found medical opinions persuasive that claimant could have brief, superficial, and infrequent interactions with coworkers and supervisors, and superficial interactions with the public); *see also* *McKinney v. O'Malley*, No. 23-3220, 2024 WL 1327965, at *1 (8th Cir. Mar. 28, 2024) (per curiam) (cited by Commissioner) (noting ALJ found opinions only "partially persuasive").

an ALJ must *explain any inconsistencies* between the limitations found in that opinion and the ultimate RFC."[24]

I recommend remanding this case to the Social Security Administration for the ALJ to either include the one-to-two step task limitation in the RFC or explain why he did not do so.

### III. CONCLUSION

I recommend **reversing** the Commissioner's decision and **remanding for further proceedings**.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[25] Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[26]

**DATED** November 18, 2024.

*Kelly K.E. Mahoney* (signature)

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

[24] *Carey,* 2024 WL 4238691, at *5.

[25] **Fed. R. Civ. P. 72**.

[26] *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).